UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JENNIFER CRESPO, ET AL.,

                                        Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

                                        Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

**JURY TRIAL DEMANDED**

22-CV-2693 (BMC)

------------------------------------------------------------------------ x

Defendant City of New York by its attorney, the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for its Answer to the Complaint, dated May 9, 2022, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs purport to proceed as stated therein. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs purport to seek the relief stated therein.

3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiffs purport to base venue as stated therein.

6. States that the allegations set forth in paragraph "6" of the Complaint are not averments of fact that require a response.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York and City of New York, and respectfully refer plaintiff and the Court to the New York City Charter. Defendant further admits that the City maintains the New York City Police Department ("NYPD"), and respectfully refers plaintiffs and Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the NYPD.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that defendant Police Officer Laurene Bove is and was a member of the NYPD. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that defendant Police Officer Joseph Ieraci is and was a member of the NYPD. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that defendant Police Officer Zachary Cullen is and was a member of the NYPD. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except admits that defendant Police Officer Angelo Pirozzi is and was a member of the NYPD. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that defendant Police Officer Jose Vargas is and was a member of the NYPD. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

17. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that defendant Sergeant James Fenko is and was a member of the NYPD. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint as it relates to unidentified members of the NYPD.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint, except admits that on May 9, 2019, members of the NYPD were present at plaintiffs' home.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint, and respectfully refers plaintiffs and the Court to the NYPD Patrol Guide Procedure No. 208-36(8).

44. Denies the allegations set forth in paragraph "44" of the Complaint, and respectfully refers plaintiffs and the Court to the NYPD Patrol Guide Procedure No. 208-36(8).

45. Denies the allegations set forth in paragraph "45" of the Complaint, except admits that plaintiff Mayra Crespo completed an NYPD Domestic Incident Report ("DIR") stating that plaintiff Angel Crespo punched her in the face and she "called the police for protection."

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint, except admits that plaintiff Mayra Crespo stated to the NYPD officers that she believed plaintiff Angel Crespo was going to kill himself.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint as it relates to an unidentified NYPD officer.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. Denies the allegations set forth in paragraph "66" of the Complaint, except admits that, upon information and belief, no warrant was obtained on May 9, 2019.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

68. Denies the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. Denies the allegations set forth in paragraph "72" of the Complaint.

73. Denies the allegations set forth in paragraph "73" of the Complaint, and states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

75. Denies the allegations set forth in paragraph "75" of the Complaint.

76. Denies the allegations set forth in paragraph "76" of the Complaint, except admits that plaintiff Angel Crespo resisted the officers' attempts to arrest him.

77. Denies the allegations set forth in paragraph "77" of the Complaint.

78. Denies the allegations set forth in paragraph "78" of the Complaint.

79. Denies the allegations set forth in paragraph "79" of the Complaint.

80. Denies the allegations set forth in paragraph "80" of the Complaint, except admits that plaintiffs Mayra Crespo and Jennifer Crespo unlawfully interfered with the NYPD officers' attempts to arrest plaintiff Angel Crespo.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

82. Denies the allegations set forth in paragraph "82" of the Complaint.

83. Denies the allegations set forth in paragraph "83" of the Complaint.

84. Denies the allegations set forth in paragraph "84" of the Complaint.

85. Denies the allegations set forth in paragraph "85" of the Complaint, except admits that plaintiff Angel Crespo resisted the officers' attempts to arrest him.

86. Denies the allegations set forth in paragraph "86" of the Complaint, except admits that Officer Bove did tase plaintiff Angel Crespo.

87. Denies the allegations set forth in paragraph "87" of the Complaint.

88. Denies the allegations set forth in paragraph "88" of the Complaint.

89. Denies the allegations set forth in paragraph "89" of the Complaint, except admits that plaintiff Angel Crespo continued to resist the officers' attempts to arrest him while he was on the ground.

90. Denies the allegations set forth in paragraph "90" of the Complaint.

91. Denies the allegations set forth in paragraph "91" of the Complaint.

92. Denies the allegations set forth in paragraph "92" of the Complaint.

93. Denies the allegations set forth in paragraph "93" of the Complaint, except admits that, on May 9, 2019, plaintiffs Amy Crespo and Jennifer Crespo were arrested by members of the NYPD.

94. Denies the allegations set forth in paragraph "94" of the Complaint.

95. Denies the allegations set forth in paragraph "95" of the Complaint.

96. Denies the allegations set forth in paragraph "96" of the Complaint.

97. Denies the allegations set forth in paragraph "97" of the Complaint, except admits that plaintiffs Jennifer Crespo and Amy Crespo were both arrested on charges of resisting arrest and obstructing governmental administration.

98. Denies the allegations set forth in paragraph "98" of the Complaint, except admits that plaintiffs Jennifer Crespo and Amy Crespo were both arrested on charges of resisting arrest and obstructing governmental administration.

99. Denies the allegations set forth in paragraph "99" of the Complaint, except admits that, following their arrests, plaintiffs Jennifer Crespo and Amy Crespo were transported to the NYPD 122nd Precinct.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint, except admits that plaintiff

Jennifer Crespo was released on her own recognizance on or about May 10, 2019 at 3:15 p.m., following her arraignment in Richmond County Criminal Court.

    101. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Complaint, except admits that plaintiff Amy Crespo was released on her own recognizance on or about May 9, 2019 at 10:23 p.m., following her arraignment in Richmond County Family Court.

    102. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Complaint.

    103. In response to the allegations set forth in paragraph "103" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

    104. Denies the allegations set forth in paragraph "104" of the Complaint.

    105. Denies the allegations set forth in paragraph "105" of the Complaint.

    106. Denies the allegations set forth in paragraph "106" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

    107. Denies the allegations set forth in paragraph "107" of the Complaint.

    108. In response to the allegations set forth in paragraph "108" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

    109. Denies the allegations set forth in paragraph "109" of the Complaint.

    110. Denies the allegations set forth in paragraph "110" of the Complaint.

111. Denies the allegations set forth in paragraph "111" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

112. Denies the allegations set forth in paragraph "112" of the Complaint.

113. In response to the allegations set forth in paragraph "113" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

114. Denies the allegations set forth in paragraph "114" of the Complaint.

115. Denies the allegations set forth in paragraph "115" of the Complaint.

116. Denies the allegations set forth in paragraph "116" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

117. Denies the allegations set forth in paragraph "117" of the Complaint.

118. In response to the allegations set forth in paragraph "118" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

119. Denies the allegations set forth in paragraph "119" of the Complaint, except admits that plaintiffs Jennifer Crespo and Amy Crespo were lawfully arrested.

120. Denies the allegations set forth in paragraph "120" of the Complaint, except admits that plaintiffs Jennifer Crespo and Amy Crespo were lawfully arrested.

121. Denies the allegations set forth in paragraph "121" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

122. Denies the allegations set forth in paragraph "122" of the Complaint.

123. In response to the allegations set forth in paragraph "123" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

124. Denies the allegations set forth in paragraph "124" of the Complaint.

125. Denies the allegations set forth in paragraph "125" of the Complaint.

126. Denies the allegations set forth in paragraph "126" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

127. Denies the allegations set forth in paragraph "127" of the Complaint.

128. Denies the allegations set forth in paragraph "128" of the Complaint.

129. In response to the allegations set forth in paragraph "129" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

130. Denies the allegations set forth in paragraph "130" of the Complaint.

131. Denies the allegations set forth in paragraph "131" of the Complaint.

132. Denies the allegations set forth in paragraph "132" of the Complaint.

133. Denies the allegations set forth in paragraph "133" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

134. Denies the allegations set forth in paragraph "134" of the Complaint.

135. Denies the allegations set forth in paragraph "135" of the Complaint.

136. In response to the allegations set forth in paragraph "136" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

137. Denies the allegations set forth in paragraph "137" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

138. Denies the allegations set forth in paragraph "138" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

139. Denies the allegations set forth in paragraph "139" of the Complaint.

140. In response to the allegations set forth in paragraph "140" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

141. Denies the allegations set forth in paragraph "141" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

142. Denies the allegations set forth in paragraph "142" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

143. Denies the allegations set forth in paragraph "143" of the Complaint.

144. States that the allegations set forth in paragraph "144" are legal conclusions to which no response is required.

145. Denies the allegations set forth in paragraph "145" of the Comlaint.

146. In response to the allegations set forth in paragraph "146" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

147. Denies the allegations set forth in paragraph "147," and its sub-parts (a) through (c), of the Complaint.

148. Denies the allegations set forth in paragraph "148" of the Complaint.

149. In response to the allegations set forth in paragraph "149" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

150. Denies the allegations set forth in paragraph "150' of the Complaint, except admits that plaintiff Amy Crespo was lawfully arrested on May 9, 2019.

151. Denies the allegations set forth in paragraph "151" of the Complaint.

152. Denies the allegations set forth in paragraph "152" of the Complaint.

153. Denies the allegations set forth in paragraph "153" of the Complaint.

154. In response to the allegations set forth in paragraph "154" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

155. Denies the allegations set forth in paragraph "155" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

156. Denies the allegations set forth in paragraph "156" of the Complaint.

157. Denies the allegations set forth in paragraph "157" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

158. Denies the allegations set forth in paragraph "158" of the Complaint.

159. Denies the allegations set forth in paragraph "159" of the Complaint.

160. In response to the allegations set forth in paragraph "160" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

161. States that the allegations set forth in paragraph "161" of the Complaint are legal conclusions to which no response is required.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

162. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

163. Any injury alleged to have been sustained resulted from each plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendant.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

164. Defendant has not violated any rights, privileges, or immunities under the Constitution of law of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any acts of Congress providing for the protection of civil rights.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

165. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et. seq.*

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

166. At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, the City of New York is entitled to governmental immunity from liability on plaintiff's state law claims.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

167. Punitive damages are not recoverable against the City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

168. Plaintiffs have failed to state a claim for municipal liability pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

169. There was probable cause for each plaintiffs' detention, arrest, and subsequent prosecution.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

170. Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:**

171. Plaintiffs may have failed to mitigate his alleged damages.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: June 28, 2022
      New York, New York

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street, Room 3-215
New York, New York 10007
Phone: (212) 356-2105

By:    *Mostafa Khairy*   /s/
      Mostafa Khairy
      *Assistant Corporation Counsel*
      Special Federal Litigation Division

**BY ECF**
cc:   Marc A. Cannan
      *Attorney for Plaintiffs*