UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JENNIFER CRESPO, ET AL.,

                              Plaintiff,

           -against-

THE CITY OF NEW YORK, ET AL.,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS BOVE, CULLEN, PIROZZI, IERACI, VARGAS, AND FENKO**

**JURY TRIAL DEMANDED**

22-CV-2693 (BMC)

       Defendants Laurene Bove, Zachary Cullen, Angelo Pirozzi, Joseph Ieraci, Jose Vargas, and James Fenko (hereinafter "defendants"), by their attorney, the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for their Answer to the Complaint, dated May 9, 2022, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to proceed as stated therein. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

       2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiffs purport to seek the relief stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

       4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

       5.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiffs purport to base venue as stated therein.

6. State that the allegations set forth in paragraph "6" of the Complaint are not averments of fact that require a response.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and City of New York, and respectfully refer plaintiffs and the Court to the New York City Charter. Defendants further admit that the City maintains the New York City Police Department ("NYPD"), and respectfully refers plaintiffs and the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the NYPD.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that defendant Police Officer Laurene Bove is and was a member of the NYPD. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that defendant Police Officer Joseph Ieraci is and was a member of the NYPD.

Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that defendant Police Officer Zachary Cullen is and was a member of the NYPD. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that defendant Police Officer Angelo Pirozzi is and was a member of the NYPD. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that defendant Police Officer Jose Vargas is and was a member of the NYPD. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

17. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that defendant Sergeant James Fenko is and was a member of the NYPD. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint as it relates to unidentified members of the NYPD.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that on May 9, 2019, members of the NYPD were present at plaintiffs' home.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that members of the NYPD spoke with plaintiff Myra Crespo on May 9, 2019.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that members of the NYPD responded to plaintiffs' home in response to a domestic dispute 911 call.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that members of the NYPD spoke with plaintiff Jennifer Crespo on May 9, 2019.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that members of the NYPD spoke with plaintiff Angel Crespo on May 9, 2019.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit that plaintiff Angel Crespo refused to provide the officers with ID and re-entered the house.

43. Deny the allegations set forth in paragraph "43" of the Complaint, and respectfully refer plaintiffs and the Court to the NYPD Patrol Guide Procedure No. 208-36(8).

44. Deny the allegations set forth in paragraph "44" of the Complaint, and respectfully refer plaintiffs and the Court to the NYPD Patrol Guide Procedure No. 208-36(8).

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that plaintiff Mayra Crespo completed an NYPD Domestic Incident Report ("DIR") stating that plaintiff Angel Crespo punched her in the face and she "called the police for protection."

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit that plaintiff Mayra Crespo stated to the NYPD officers that she believed plaintiff Angel Crespo was going to kill himself.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint, except admit that members of the NYPD spoke with plaintiff Mayra Crespo on May 9, 2019.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint as it relates to an unidentified NYPD officer.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Complaint, except admit that, upon information and belief, no warrant was obtained on May 9, 2019.

67.     Deny the allegations set forth in paragraph "67" of the Complaint, except admit that plaintiffs Mayra Crespo and Jennifer Crespo allowed the officers to enter their home.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint, and state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

74.     Deny the allegations set forth in paragraph "74" of the Complaint, except admit that plaintiff Amy Crespo was present on May 9, 2019.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint, except admit that plaintiff Angel Crespo resisted the officers' attempts to arrest him.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint, except admit that plaintiffs Mayra Crespo and Jennifer Crespo unlawfully interfered with the NYPD officers' attempts to arrest plaintiff Angel Crespo.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint, except admit that plaintiff Angel Crespo resisted the officers' attempts to arrest him.

86. Deny the allegations set forth in paragraph "86" of the Complaint, except admit that Officer Bove did tase plaintiff Angel Crespo.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint, except admit that plaintiff Angel Crespo continued to resist the officers' attempts to arrest him while he was on the ground.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint, except admit that, on May 9, 2019, plaintiffs Amy Crespo and Jennifer Crespo were arrested by members of the NYPD.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint, except admit that plaintiffs Jennifer Crespo and Amy Crespo were both arrested on charges of resisting arrest and obstructing governmental administration.

98. Deny the allegations set forth in paragraph "98" of the Complaint, except admit that plaintiffs Jennifer Crespo and Amy Crespo were both arrested on charges of resisting arrest and obstructing governmental administration.

99. Deny the allegations set forth in paragraph "99" of the Complaint, except admit that, following their arrests, plaintiffs Jennifer Crespo and Amy Crespo were transported to the NYPD 122nd Precinct.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint, except admit that plaintiff Jennifer Crespo was released on her own recognizance on or about May 10, 2019 at 3:15 p.m., following her arraignment in Richmond County Criminal Court.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Complaint, except admit that plaintiff Amy

Crespo was released on her own recognizance on or about May 9, 2019 at 10:23 p.m., following her arraignment in Richmond County Family Court.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Complaint.

103. In response to the allegations set forth in paragraph "103" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. In response to the allegations set forth in paragraph "108" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. In response to the allegations set forth in paragraph "113" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. Deny the allegations set forth in paragraph "116" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. In response to the allegations set forth in paragraph "118" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

119. Deny the allegations set forth in paragraph "119" of the Complaint, except admit that plaintiffs Jennifer Crespo and Amy Crespo were lawfully arrested.

120. Deny the allegations set forth in paragraph "120" of the Complaint, except admit that plaintiffs Jennifer Crespo and Amy Crespo were lawfully arrested.

121. Deny the allegations set forth in paragraph "121" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. In response to the allegations set forth in paragraph "123" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

124. Deny the allegations set forth in paragraph "124" of the Complaint.

125. Deny the allegations set forth in paragraph "125" of the Complaint.

126. Deny the allegations set forth in paragraph "126" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

128. Deny the allegations set forth in paragraph "128" of the Complaint.

129. In response to the allegations set forth in paragraph "129" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

130. Deny the allegations set forth in paragraph "130" of the Complaint.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

132. Deny the allegations set forth in paragraph "132" of the Complaint.

133. Deny the allegations set forth in paragraph "133" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

134. Deny the allegations set forth in paragraph "134" of the Complaint.

135. Deny the allegations set forth in paragraph "135" of the Complaint.

136. In response to the allegations set forth in paragraph "136" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

137. Deny the allegations set forth in paragraph "137" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

138. Deny the allegations set forth in paragraph "138" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

139. Deny the allegations set forth in paragraph "139" of the Complaint.

140. In response to the allegations set forth in paragraph "140" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

141. Deny the allegations set forth in paragraph "141" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

142. Deny the allegations set forth in paragraph "142" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

143. Deny the allegations set forth in paragraph "143" of the Complaint.

144. State that the allegations set forth in paragraph "144" are legal conclusions to which no response is required.

145. Deny the allegations set forth in paragraph "145" of the Complaint.

146. In response to the allegations set forth in paragraph "146" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

147. Deny the allegations set forth in paragraph "147," and its sub-parts (a) through (c), of the Complaint.

148. Deny the allegations set forth in paragraph "148" of the Complaint.

149. In response to the allegations set forth in paragraph "149" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

150. Deny the allegations set forth in paragraph "150' of the Complaint, except admit that plaintiff Amy Crespo was lawfully arrested on May 9, 2019.

151. Deny the allegations set forth in paragraph "151" of the Complaint.

152. Deny the allegations set forth in paragraph "152" of the Complaint.

153. Deny the allegations set forth in paragraph "153" of the Complaint.

154. In response to the allegations set forth in paragraph "154" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

155. Deny the allegations set forth in paragraph "155" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

156. Deny the allegations set forth in paragraph "156" of the Complaint.

157. Deny the allegations set forth in paragraph "157" of the Complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

158. Deny the allegations set forth in paragraph "158" of the Complaint.

159. Deny the allegations set forth in paragraph "159" of the Complaint.

160. In response to the allegations set forth in paragraph "160" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

161. State that the allegations set forth in paragraph "161" of the Complaint are legal conclusions to which no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

162. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

163. Any injury alleged to have been sustained resulted from each plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

164. Defendants have not violated any rights, privileges, or immunities under the Constitution of law of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

165. Plaintiff's claims may be barred in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et. seq*.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

166. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

167. Defendants Vargas, and Fenko had no personal involvement in the incident alleged in the Complaint.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

168. Plaintiffs have failed to state a claim for municipal liability pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

169. There was probable cause for each plaintiffs' detention, arrest, and subsequent prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

170. Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

171. Plaintiffs may have failed to mitigate their alleged damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

172. Plaintiffs provoked any incident.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

173. Defendants Bove, Cullen, Ieraci, Pirozzi, Vargas, and Fenko have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**WHEREFORE,** defendants City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: July 29, 2022
 New York, New York

                          HON. SYLVIA O. HINDS-RADIX
                          Corporation Counsel of the City of New York
                          *Attorney for Defendants*
                          100 Church Street, Room 3-215
                          New York, New York 10007
                          Phone: (212) 356-2105

                          By:    *Mostafa Khairy*   /s/
                                Mostafa Khairy
                                *Assistant Corporation Counsel*
                                Special Federal Litigation Division

**BY ECF**
cc:    Marc A. Cannan
      *Attorney for Plaintiffs*