UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JENNIFER CRESPO, AMY CRESPO, MAYRA
CRESPO, and ANGEL CRESPO,

                                         Plaintiffs,

                   -against-

CITY OF NEW YORK, LAURENE BOVE, JOSEPH
IERACI, ZACHARY CULLEN, and ANGELO PIROZZI,

                                         Defendants.

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

22-CV-2693 (BMC)

------------------------------------------------------------------- x

        **WHEREAS**, Defendants City of New York, Laurene Bove, Angelo Pirozzi, Joseph Ieraci, and Zchary Cullen ("Defendants") intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem or may deem to be confidential, private, subject to an applicable privilege, or otherwise inappropriate for public disclosure;

        **WHEREAS**, Defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

        **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs and Defendants as follows:

        1. As used herein, this "Matter" shall mean the pending action between Plaintiff and Defendants captioned *Crespo v. City of New York, et al.* 22-CV-2693 (BMC).

2. As used herein, without waiving the right to later interpose objections concerning the production of these documents, "Confidential Materials" shall mean:

(A) Employment/personnel related records for the individual Defendants, including performance evaluations;

(B) Disciplinary histories or other records from the Civilian Complaint Review Board ("CCRB"), Internal Affairs Bureau, other New York City Police Department ("NYPD") divisions or any other governmental agency for the individual Defendants;

(C) Full names and contact information and any other personal identifying information of non-party individuals and/or witnesses;

(D) NYPD Training materials, including, but limited to, sections of the Patrol Guide, Administrative Guide, Operations Orders, training manual, and directives (to the extent those materials are not publicly available); and

(E) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the Defendants or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by Plaintiffs from sources other than Defendants, or (b) are otherwise publicly available.

4. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to Plaintiffs' counsel.

5. Defendants reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to Plaintiff.

6. Defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

7. Any documents produced by a non-party pursuant to a subpoena or letter in this Matter and that are designated as Confidential Materials by Defendants shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

8. Confidential Materials may not be used for any purpose other than for the preparation, settlement, or presentation of this action.

9. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

10. Notwithstanding the provisions of this Stipulation of Confidentiality and Protective Order, if Plaintiffs or anyone on Plaintiffs' behalf ("Plaintiffs or Plaintiffs' Representatives") makes public representations, the substance of which concerns or is contained in the Confidential Materials, NYPD Defendants may move the Court, on an expedited basis, for relief.

11. If Plaintiffs object to the designation of particular documents or information as "Confidential Materials," Plaintiffs shall state such objection in writing to the

NYPD Defendants, and the parties shall endeavor in good faith to resolve such an objection. If such an objection cannot be resolved among the parties, then, within thirty (30) days of receiving the response to the objection to the material's classification as confidential, Plaintiffs shall seek judicial intervention to ask that the Court remove the designation. Any such materials or information shall remain confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

12. Plaintiffs shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of the party's case in this Matter, to those individuals described in subparagraph (b) below.

   b. Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Matter, to a witness during a deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), the disclosing party or the disclosing party's attorney, should one be obtained, shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential

Materials except in testimony taken in this case. Plaintiffs shall retain the signed consent form and furnish a copy to Defendants' attorney upon request, although the name of an expert that Plaintiffs do not intend to call as a trial witness may be redacted from such consent form before it is produced.

13. Deposition exhibits and testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential. Any party may designate the deposition exhibits and portions of deposition testimony as Confidential either by: (a) indicating on the record during the deposition that questions relate to Confidential Materials, and can request that the court reporter/stenographer bind the transcript of the designated testimony in a separate volume with a cover page prominently marked "Confidential Information Governed by Stipulation of Confidentiality and Protective Order;" or (b) notifying the court reporter/stenographer and all attorneys of record, in writing, within forty-five (45) days after a deposition transcript has been received of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the respective designating parties. Failure to make such designation does not constitute a waiver of confidentiality.

14. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed.

15. However, where the confidential information is not material to issues addressed in court submissions and Defendants agree in writing that the redaction of personal,

confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

16. In addition, where reasonable advance notice is given by Plaintiffs and the parties agree in writing to the use of confidential information in support of a motion for summary judgment or any other dispositive motion by Plaintiffs or at a trial on the merits in this mater, such information will not be subjected to the instant Stipulation of Confidentiality and Protective Order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

17. Within 30 days after the termination of this Matter, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendants' attorneys or, upon Defendants' attorneys' consent, destroyed; except that Plaintiffs' counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing Plaintiffs' attorney work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect Plaintiffs' own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

18. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit Defendants' use of their own Confidential Materials in any manner.

19. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Matter has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiffs, or anyone receiving confidential documents pursuant to paragraph 12 herein, for any purpose without prior Court approval.

20. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

21. The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Matter, and their counsel.

22. This Stipulation of Confidentiality and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Confidentiality and Protective Order, which shall be binding upon and effective as to all Parties.

23. The Court will retain jurisdiction over all persons subject to this Stipulation of Confidentiality and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

MARC CANNAN
Beldock, Levine, and Hoffman, LLP
*Attorney for Plaintiffs*
99 Park Avenue, PH/26th Floor
New York, NY 10016

By: _____
Marc Cannan

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
 City of New York
*Attorney for Defendants City of New York, Bove, Ieraci, Pirozzi, and Cullen*
100 Church Street
New York, New York 10007

By: _____
James R. Murray

SO ORDERED:

_____
Hon. Brian M. Cogan
United States District Judge

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated _____ 2022, entered into the Matter entitled *Crespo, et al. v. City of New York, et al.* 22-CV-2693 (BMC) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____

Signature: _____

Print Name: _____

Occupation: _____