

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES R. MURRAY**
*Assistant Corporation Counsel*
Phone: (212) 356-3549
Fax: (212) 356-2372
jamurray@law.nyc.gov

January 6, 2022

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Camdan Plaza East
Brooklyn, NY 11201

      Re:    *Crespo, et al. v. The City of New York, et al.*, 22-CV-2693 (BMC)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for Defendants City of New York, Laurene Bove, Joseph Ieraci, Zachary Cullen, and Angelo Pirozzi in the above-referenced matter. In accordance with Rule III(A) of Your Honor's Individual Practices, Defendants respectfully request a pre-motion conference in advance of their anticipated motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

      **I.**    **Background**

      On May 9, 2019 Defendant Officers Bove, Ieraci, Cullen, and Pirozzi responded to an assault in progress at Plaintiffs' residence. Outside the house, Mayra Crespo—who had visible bruising under her right eye—stated that her husband, Angel Crespo, had punched her in the face and shoulder and dragged her by her hair after she told him she wanted a divorce.[1] Officer Bove's Bodycam Video, attached hereto as Defendants' ("Defs'.") Exhibit ("Ex.") A, at 00:50-1:32. Mayra Crespo also told the officers that Angel Crespo had previously threatened to commit suicide if she left. *Id.* at 2:05-2:24. Several minutes later, Angel Crespo exited the house, stated that he had "just pushed [Mayra Crespo] around," refused to show the officers his identification, and went back inside. Officer Cullen's Bodycam Video, attached hereto as Defs'. Ex. B, at 5:25-6:40. The officers spoke with Mayra Crespo outside the house for approximately four more minutes and then entered the house to arrest Angel Crespo. *Id.* at 6:40-10:50.

      Inside the house, Angel Crespo—who weighed approximately 300 pounds—refused two orders from Officer Ieraci to face the wall, balled up his fists, and said "let's go for it." *Id.* at

---

[1] The entire incident—including Mayra's statements and Angel's arrest—is shown on bodycam.

10:50-11:08. When the officers attempted to arrest Angel Crespo, Mayra, and Plaintiffs Jennifer and Amy Crespo (their daughters) moved between Angel and the officers. *Id.* at 11:08-12:02. For approximately the next two minutes, Mayra, Jennifer, and Amy Crespo attempted to push and pull Officers Bove, Pirozzi, and Ieraci away from Angel Crespo while Angel violently resisted arrest. *Id.* at 12:02-13:53. When Angel Crespo began pushing the officers, Officer Bove deployed her taser, striking Angel with one of the prongs. *Id.* at 12:04-12:16. Then, for approximately 27 seconds, Mayra Crespo repeatedly attempted to grab Officer Bove's taser and direct it away from Angel Crespo. *Id.* at 12:13-12:43. Eventually, the officers handcuffed Angel Crespo and arrested Amy and Jennifer Crespo for obstruction of governmental administration ("OGA") and resisting arrest. *Id.* at 13:30-17:55. Officer Cullen drafted Amy Crespo's arrest report and Officer Bove drafted Jennifer Crespo's arrest report and signed her criminal court complaint. Angel, Mayra, Jennifer, and Amy Crespo now bring seven federal claims—unlawful entry, "unlawful seizure inside the home," false arrest, excessive force, malicious prosecution, denial of the right to a fair trial, and failure to intervene—under 42 USC § 1983 and four pendent causes of action under state law. These claims should be dismissed for the following reasons.

## II.     Section 1983 Claims

Plaintiffs cannot prevail on their unlawful entry claim because the officers entered the Crespo house under exigent circumstances. An officer may enter an individual's home without a warrant if exigent circumstances are present. *Pearson v. Callahan*, 555 U.S. 223, 223 (2009). "The essential question in determining whether exigent circumstances justified a warrantless entry is whether law enforcement agents were confronted by an urgent need to render aid or take action" under the totality of the circumstances. *Brown v. City of NY*, 2015 US Dist. LEXIS 11957, at *6-7 (E.D.N.Y. Feb. 2, 2015) (internal quotations and citations omitted). Courts accord "great latitude to an officer's belief that warrantless entry was justified by exigent circumstances when the officer had substantial reason to believe that one of the parties to the dispute was in danger." *Tierney v. Davidson*, 133 F.3d 189, 197 (2d Cir. 1998).

Here, the officers faced exigent circumstances because they reasonably believed that Mayra Crespo would be in danger if they left the scene without arresting Angel Crespo. It was reasonable to believe both Mayra and Angel Crespo were in danger because Angel had punched Mayra in the face and shoulder, dragged her by the hair, and threatened to commit suicide if Mayra left him. Therefore, it was reasonable to believe Angel might either harm Mayra again or harm himself if the officers left. Though Angel Crespo said he would leave the house, it was reasonable to believe he would return because he had already left and reentered the home once before the police arrived and he was entitled to return to his own home. At the very least, Defendants are entitled to qualified immunity because it was objectively reasonable to believe there was an urgent need to enter the home. *See Brown* 2015 U.S. Dist. LEXIS 11957 at *14-15.

Plaintiffs' false arrest, malicious prosecution, and denial of the right to a fair trial claims also fail because they turn on whether the officers lawfully entered the Crespo residence. Angel Crespo claims his arrest was unconstitutional solely because the officers' entry was unlawful. Amy and Jennifer Crespo claim the officers lacked probable cause to arrest or prosecute them for OGA or resisting arrest because the arrest they interfered with was unlawful. Similarly, Jennifer and Amy Crespo claim the officers denied them the right to a fair trial by withholding evidence

that the entry was unlawful. However, because the entry—and by extension, Angel Crespo's arrest—was lawful, the Court should grant summary judgment on Plaintiffs' false arrest, malicious prosecution, and fair trial claims. The Court should also grant summary judgment on the malicious prosecution and fair trial claims against Officers Ieraci and Pirozzi because neither officer initiated Amy or Jennifer Crespo's prosecutions or forwarded information to prosecutors.

The Court should grant summary judgment on Plaintiffs' excessive force claims because every officer used objectively reasonable force. *Tracy v. Freshwater*, 623 F3d 90, 96 (2d Cir. 2010). When determining whether force was objectively reasonable, a court will consider "(1) the nature and severity of the crime leading to the arrest, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Id.* "[A]n alleged physical assault in a domestic dispute…constitutes a serious and dangerous crime…." *Scoma v. City of NY*, No. 16-CV-6693 (KAM) (SJB), 2021 U.S. Dist. LEXIS 12727, at *21 (E.D.N.Y. Jan. 22, 2021).

Here, the officers used reasonable force to arrest Angel Crespo. It was reasonable for Officers Ieraci and Bove to pull Amy and Jennifer Crespo away from Angel Crespo because they were physically preventing the officers from effectuating an arrest. It was also reasonable to tase Angel Crespo because he committed a serious crime when he punched his wife in the face and shoulder and dragged her by the hair, posed an immediate danger because he weighed about 300 pounds and threatened to fight Officer Ieraci, and actively resisted arrest by fighting with the officers for approximately two full minutes. Though Mayra Crespo claims Officer Bove punched her in the stomach, the bodycam does not corroborate that allegation. Even if it were true, a punch would have been reasonable because Mayra Crespo continually attempted to grab Officer Bove's taser. Because the officers used reasonable force to arrest Angel Crespo, Plaintiffs cannot prevail on their excessive force claims. Plaintiffs cannot prevail on their failure to intervene claims because, as explained above, they did not suffer any constitutional violations.

### III. State Law Claims

Plaintiffs assert state law claims for violations of the New York State Constitution, malicious abuse of process, negligent hiring, training, and retention, and *respondeat superior*. Because Plaintiffs cannot prevail on any of their federal claims, the Court should decline to exercise pendent jurisdiction over their remaining state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Even if the Court considers Plaintiffs' state law claims on the merits, it should dismiss them. Plaintiffs do not have an implied right of action under the New York State Constitution because § 1983 provides an adequate alternative remedy. *Alwan v. City of New York*, 311 F. Supp. 3d 570, 586 (E.D.N.Y. 2018) (collecting cases). Plaintiffs cannot prevail on their abuse of process claim because there is no evidence that any defendant sought to achieve a collateral objective, such as the "infliction of economic harm, extortion, blackmail or retribution." *Lopez-Motherway v. City of Long Beach*, No. 2:20-CV-5652 (BMC), 2021 U.S. Dist. LEXIS 48597, at *11 (E.D.N.Y. Mar. 15, 2021) (internal citations and quotations omitted). Plaintiffs cannot prevail on their negligence claim because there is no evidence that any of the defendant officers exhibited "harmful propensities" or that the City failed to train its officers. *Waterbury v. N.Y. City Ballet, Inc.*, 205 AD3d 154, 160 (1st Dept. 2022). Because Plaintiffs cannot prevail on their other state law claims, they cannot prevail on their *respondeat* claim.

### IV. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court schedule a pre-motion conference in advance of their motion for summary judgment.

Thank you for your consideration herein.

Respectfully submitted,

*James R. Murray* /s

James R. Murray
Assistant Corporation Counsel
Special Federal Litigation Division
100 Church Street, Room 3-183
New York, New York 10007
(212) 356-2372
jamurray@law.nyc.gov

CC: By ECF (all counsel of record)