# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016

JONATHAN MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
CYNTHIA ROLLINGS
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
KAREN L. DIPPOLD
MARJORY D. FIELDS
EMILY JANE GOODMAN
  (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF:

WRITER'S DIRECT DIAL:

January 6, 2023

**VIA ECF**
Hon. Brian M. Cogan
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Jennifer Crespo, et al. v. City of New York, et al.*, Case No. 22-CV-2693 (BMC)

Your Honor:

    This firm represents Plaintiffs Angel Crespo, Mayra Crespo, Jennifer Crespo, and Amy Crespo in this civil rights matter. I write pursuant to the Court's Individual Practice III(A)(2) to respectfully request a pre-motion conference to discuss Plaintiffs' anticipated motion for summary judgment. Summary judgment is appropriate where the submissions of the parties, taken together, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]

    Plaintiffs allege that on the afternoon of May 9, 2019, Defendants unlawfully entered their home to arrest Angel Crespo, unlawfully seized Mr. Crespo inside their home, and employed excessive force against all Plaintiffs while seizing him. Defendants additionally caused Plaintiffs Jennifer Crespo and Amy Crespo, the daughters of Angel and Mayra Crespo, to be falsely arrested and maliciously prosecuted on charges of resisting arrest and obstructing governmental administration. Plaintiffs' complaint alleges civil rights violations under 42 U.S.C. § 1983 for Unlawful Entry, Unlawful Seizure, Excessive Force, False Arrest, Malicious Prosecution, Failure to Intercede, and Denial of a Fair Trial by Fabricating Evidence and Withholding Material Evidence. Plaintiffs' complaint also alleges violations under the New York State law for Trespass, Abuse of Process, *Respondeat Superior*, and under the New York State Constitution.

    The crux of Plaintiffs' anticipated motion is that Plaintiffs are entitled to summary judgment on their unlawful entry claim. "It is a 'basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable.'"[2] "The

---

[1] Fed. R. Civ. P. 56; *see Anderson v. Liberty Lobby, Inc.*, 677 U.S. 242, 251-252 (1986).
[2] *Brigham v. Stewart*, 547 U.S. 398, 403 (2006) (quoting *Payton v. New York*, 445 U.S. 551, 559 (1980) (internal citations and quotation marks omitted).

BELDOCK LEVINE & HOFFMAN LLP
Hon. Brian M. Cogan
January 6, 2023
Page 2

sanctity of the home is afforded special protection under the Fourth Amendment, such that 'the reasons for upholding warrantless arrests in a public place do not apply to warrantless invasions of the privacy of the home.'"[3] An officer violates the Fourth Amendment when she enters a home to make a warrantless arrest unless she "had probable cause to make the arrest *and* either consent to enter or exigent circumstances demanding that the officer enter the home without a warrant."[4] According to exigent circumstances doctrine, a "compelling need for official action and no time to secure a warrant may justify a warrantless entry."[5]

Here, the Court should find that, as a matter of law, Defendants unlawfully entered the Crespo's home because body cam footage firmly establishes that Defendants entry into the Crespo home was unlawful. First, the body cam footage establishes that Defendants did not have a warrant to enter the Crespo home or arrest Mr. Crespo. Next, the body cam footage establishes that no exigent circumstances existed at the time Defendants entered the Crespo home and that there was no compelling need for immediate official action. There was no ongoing investigation and Defendants were not pursuing a fleeing felon or attempting to preserve evidence at risk of destruction. There was also no urgent need to protect or render emergency aid to any occupant in the home. Prior to intruding into the Crespo's home, Defendants had spoken to Ms. Crespo, Mr. Crespo, and Jennifer Crespo outside the house and had learned that the Crespo's dispute had dissipated, and that Mr. Crespo was preparing to leave. Indeed, no urgent situation existed at all until Defendants created one by unlawfully entering the Crespo's home and improperly challenging Mr. Crespo with brazen threats of violence, which caused his family to rush to his defense. Finally, the body cam footage establishes that Defendants did not have consent to enter the Crespo home. In fact, it shows that Defendants never sought the Crespo's consent to enter. Rather, the body cam footage shows Defendants unhurriedly trying to convince Ms. Crespo to press charges against Mr. Crespo. When it became clear that Ms. Crespo would not agree to do so, Defendants changed their tactic and falsely importuned Ms. Crespo to comply with their purportedly lawful authority to enter her home and arrest Mr. Crespo. For example, Defendants told Ms. Crespo: "You kind of put us in a spot. Now we gotta do our job…. You don't have a say now. You called us…. That's not how this works. This looks really bad for us if we leave, and we don't take him. It looks really bad…. We have to."

Plaintiffs' motion will additionally succeed because Defendants' attempts to justify their warrantless entry are fatally deficient and at odds with each other. For example, Defendant Police Officers Joseph Ieraci and Angelo Pirozzi claim that exigent circumstances justified the warrantless entry into the Crespo's home because they supposed Mr. Crespo might return and harm Ms. Crespo once they left.[6,7] Yet both defendants conceded that Ms. Crespo was not in any immediate danger when they entered the home.[8] These circumstances do not constitute exigent

---

[3] *Bashir v. Rockdale Cty., GA,* 445 F.3d 1323, 1327 (11th Cir. 2006) (quoting *Payton*, 445 U.S. at 576).
[4] *Id.* at 1328 (citations omitted and emphasis in original).
[5] *Missouri v. McNeely*, 569 U.S. 141, 149 (2013) (internal quotation omitted).
[6] Ieraci Deposition at 66:02-68:07; Pirozzi Deposition at 4748:06.
[7] Citations to deposition transcripts are to assist Defendants in their response and are available upon request.
[8] *Id.*

BELDOCK LEVINE & HOFFMAN LLP
Hon. Brian M. Cogan
January 6, 2023
Page 3

circumstances.[9] Defendant Police Officer Zachary Cullen even testified that exigent circumstances did not exist when Defendants entered the Crespo's home.[10] Defendant Police Officer Bove, who at her deposition could not articulate any of the exceptions to the search warrant requirement, also did not point to any concern for Ms. Crespo's safety as a basis for entering the Crespo home.[11] Instead, Officer Bove testified that Defendants' entry was lawful because Ms. Crespo did not verbally tell them not to enter.[12] But failure to object to a police officer's entry into one's home does not constitute consent to enter the home.[13] In any event, Officer Bove's testimony is contradicted by the body cam footage and by Officer Ieraci's testimony that Ms. Crespo only allowed the officers to enter her home after he commanded her to do so.[14] Because Defendants have failed to set forth any evidence that would justify their warrantless entry into Plaintiffs' home, Plaintiffs' motion for summary judgment on their unlawful entry claim will succeed.

If the Court agrees with Plaintiffs and grants summary judgment on Plaintiffs' unlawful entry claim, Plaintiffs will necessarily be entitled to summary judgement on several of their other claims. For example, a finding that Defendants' entry into the Crespo home was unlawful would require that the warrantless seizure of Mr. Crespo in his home also be found unlawful. Similarly, probable cause to arrest Plaintiffs Jennifer and Amy Crespo rests on whether Defendants had a lawful basis to enter the home and arrest Mr. Crespo.[15] Thus, if the Court finds that Defendants had no lawful basis for those acts, Jennifer and Amy Crespo will be entitled to summary judgment on their false arrest claims. Plaintiffs will also be entitled to summary judgment on their excessive force claims because, while a police officer's right to make an arrest "'necessarily carries with it the right to use some degree of physical coercion or threat thereof to affect it' . . . [i]t follows, then, if an arresting officer does not have the right to arrest, he does not have the right to use any degree of force in making that arrest."[16] Plaintiffs contends they will similarly be entitled to summary judgment on their malicious prosecution and fabrication of evidence claims, as well as their state law and New York State constitutional claims.

Plaintiffs thank the Court for its attention to this matter.

Respectfully submitted,
/s/ Marc A. Cannan
Marc A. Cannan
*Attorney for Plaintiffs*

cc: James Murray, Esq., Counsel for Defendants (by ECF)

---

[9] *See Penree v. City of Utica*, 694 Fed. Appx. 30, 32-34 (2d Cir. 2017) ("the emergency aid doctrine does not apply because there was no emergency").
[10] Cullen Deposition at 37:20-38:18.
[11] Bove Deposition 109:25-110:23.
[12] *Id.*
[13] *Bashir*, 445 F.3d at 1329.
[14] Ieraci Deposition 33:14-34:05.
[15] *See Thompson v. Clark*, No. 14 Civ. 7349 (JBW), 2018 U.S. Dist. LEXIS 105225, at *37 (E.D.N.Y. June 18, 2018).
[16] *Bashir*, 445 F.3d at 1332 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).