

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES R. MURRAY**
*Assistant Corporation Counsel*
Phone: (212) 356-3549
Fax: (212) 356-2372
jamurray@law.nyc.gov

January 11, 2022

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Camdan Plaza East
Brooklyn, NY 11201

   Re: *Crespo, et al. v. The City of New York, et al.*
     22-CV-2693 (BMC)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for Defendants City of New York, Laurene Bove, Joseph Ieraci, Zachary Cullen, and Angelo Pirozzi in the above-referenced matter. Defendants respectfully write in opposition to Plaintiffs' request for a pre-motion conference in advance of their anticipated motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

### I. Background

  On January 6, 2023, Defendants and Plaintiffs both requested a pre-motion conference in advance of their respective anticipated summary judgment motions. ECF Nos. 31 and 32. Later that day, the Court granted the parties' motions and scheduled a pre-motion conference for January 17, 2023 at 11:00 am. Electronic Order dated January 6, 2023. In accordance with Rule III(A)(2) of Your Honor's Individual Practices Defendants now write to respond to the arguments in Plaintiff's pre-motion conference request.[1]

### II. The Officers Entered The Crespo Residence Under Exigent Circumstances

  Plaintiffs argue that there were no exigent circumstances to enter the residence because "the Crespo's dispute had dissipated[] and [] Mr. Crespo was preparing to leave." ECF No. 32 at

---

[1] A summary of the facts of this case can be found in Defendants' pre-motion conference letter. ECF No. 31.

2. As an initial matter, it is immaterial that Angel Crespo offered to leave the residence because he had already left once and returned before the officers arrived. Though Mayra Crespo may not have been in immediate danger while standing outside with the officers, it was reasonable for the officers to believe she would be in danger as soon as the officers left. At the time the officers entered the Crespo residence, they knew Angel Crespo had punched Mayra Crespo in the face and shoulder, dragged her by the hair after she told him that she wanted a divorce, and had previously threatened to commit suicide if Mayra left him. Based on that information, it was reasonable to believe that the dispute was particularly volatile and that Angel would harm Mayra again as soon as the officers were gone. Furthermore, because Angel had previously threatened to commit suicide, it was reasonable for the officers to enter the Crespo residence for Angel's own safety. At the very least, the Court should grant the officers qualified immunity because it was objectively reasonable to believe there was an urgent need to enter the home. *See Brown v. City of NY*, 2015 U.S. Dist. LEXIS 11957, at *14-15 (E.D.N.Y. Feb. 2, 2015).

### III. The Officers' Testimony Is Immaterial To Plaintiffs' Entry Claim

Plaintiffs also argue that the Court should grant summary judgment on their entry claim because during their depositions, the officers gave reasons for entering the home that were, according to plaintiffs, constitutionally inadequate and at odds with one another. However, the officers' testimony is irrelevant because the entire incident was captured on bodycam and, as this Court has previously explained, the exigent circumstances test is objective, not subjective. *Brown*, 2015 U.S. Dist. LEXIS 11957, at *7 (E.D.N.Y. Feb. 2, 2015). Because the footage shows that it was objectively reasonable to enter the Crespo residence, the Court should deny summary judgment to Plaintiffs on their entry claim.

### IV. Plaintiffs' Remaining Claims Fail

Plaintiffs contend that they would necessarily be entitled to summary judgment on their remaining claims if the Court found for them on their unlawful entry claim. First, for the reasons stated above, the Court should deny summary judgment to Plaintiffs on their entry claim. Second, a finding of liability on the entry claim would not necessarily entail a liability finding on the remaining claims. Plaintiffs argue that they should prevail on their excessive force claims because their underlying arrests were unlawful. However, in *Papineau v. Parmley*, the Second Circuit Court of Appeals rejected this argument and clarified that the only relevant question on a Fourth Amendment excessive force claim is whether the challenged force was objectively reasonable. *Papineau v. Parmley*, 465 F3d 46, 62 (2d Cir. 2006). Additionally, even if the entry was unlawful, which it was not, the Court should still deny summary judgment on Plaintiffs' malicious prosecution and fair trial claims against Officers Pirozzi and Ieraci and all Plaintiffs' state law claims for the independent reasons set forth in Defendants' pre-motion conference letter.

### V. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for summary judgment.

Thank you for your consideration herein.

Respectfully submitted,

*James R. Murray* /s

James R. Murray
Assistant Corporation Counsel
Special Federal Litigation Division
100 Church Street, Room 3-183
New York, New York 10007
(212) 356-2372
jamurray@law.nyc.gov

CC:  By ECF (all counsel of record)