UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

JENNIFER CRESPO, et al.,

                              Plaintiffs,

  -against-

THE CITY OF NEW YORK, et al.,

                              Defendants

------------------------------------------------------------------- X

**DECLARATION OF MARC A. CANNAN IN OPPOSITION TO DEFENDANTS' BILL OF COSTS AGAINST PLAINTIFFS**

No. 22-cv-02693 (BMC)

      MARC A. CANNAN, an attorney duly admitted to practice before this Court, hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct:

      1.     I am a partner at Beldock Levine & Hoffman LLP, attorneys for plaintiffs Jennifer Crespo, Amy Crespo, Mayra Crespo, and Angel Crespo in this matter.

      2.     I am familiar with the facts and circumstances of this proceeding and make this submission in opposition to Defendants' Application for Costs Sought Against Plaintiffs filed on June 5, 2025, (Docket No. 53) ("Defendants' Application"), which is supported by the Declaration in Support of Defendants' Application for Costs Against Plaintiffs dated June 5, 2025 (the "Gottstein Declaration") (Docket No. 53-1) and its exhibits.

### POINT I

### THE COURT SHOULD DENY AN AWARD OF COSTS TO DEFENDANTS FOR THE STATUTORY AND EQUITABLE CONSIDERATIONS OF NOT CHILLING CIVIL RIGHTS ACTIONS

      3.     Granting costs in this case would undermine congressional and statutory intent to facilitate access to the courts in civil rights actions by imposing unfair burdens on plaintiffs, even when their claims are meritorious. *Torres v. City of N.Y.*, 262 F. Supp. 2d 317, 318 (S.D.N.Y. 2003); *Bradley v. Bongiovanni*, No. 18 Civ. 6823 (FPG), 2022 U.S. Dist. LEXIS 199116, at *4-5 (W.D.N.Y. Nov. 1, 2022).

4. The Second Circuit has recognized denial of costs may be appropriate "because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (abrogated on other grounds by *Bruce v. Samuels*, 577 U.S. 82 (2016)). Consideration of these factors counsel in favor of the denial of costs here.

5. There is a strong "interest of society in deterring unlawful police conduct." *Nix v. Williams*, 467 U.S. 431, 443 (1984). This is especially true in the context of an unlawful home invasion as "[t]he physical entry of the home is [a] chief evil." *Payton v. New York*, 445 U.S. 573, 574 (1980).

6. Further, police misconduct cases, and particularly those involving questions of qualified immunity, often involve disputed factual circumstances and technical law that "make success difficult for any plaintiff seeking to uphold his civil rights, even those with meritorious claims." *Bradley*, 2022 U.S. Dist. LEXIS 199116, at *4-5. In these circumstances, imposing costs risks a chilling effect on future cases. *Id.* at 5.

7. Here, the Court found Defendants' warrantless entry to be unconstitutional. However, as the Court also found there were no controlling cases clearly establishing when an emergency ends for the purposes of the emergency-aid exception, the case was dismissed on the grounds of Defendants' qualified immunity.

8. When cases involve "difficult issues" of first impression, where the reasonableness of defendant's actions are a close call, there is reason to deny costs to the prevailing defendant. *Fortunati v. Campagne*, No. 07 Civ. 143 (JGM), 2013 U.S. Dist. LEXIS 74349, at *10 (D. Vt. May 28, 2013).

9. The public interest of this issue, complex nature of qualified immunity, and good faith prosecution of the claims all counsel that the Court should deny all costs sought by Defendants. A contrary result could have chilling effects on future civil rights cases.

## POINT II

### THE COURT SHOULD DISALLOW THE COSTS DEFENDANTS SEEK FOR DOCKETING FEES, AN EXTRA COPY OF PLAINTIFFS DEPOSITION TRANSCRIPTS, DEPOSITION WORD INDEX PAGES AND COURT REPORTER "ATTENDANCE" FEES

10. Alternatively, should the Court decide to award Defendants' costs in this matter, it should deny Defendants' request for costs that are not recoverable under 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), or Local Rule of the Eastern District of New York Local 54.1.

11. Under 28 U.S.C. § 1920, the Court may tax costs against a non-prevailing party for specific items: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under Section 1923 of the Title; and (6) Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of the Title.

12. Fed. R. Civ. P. 54(d) similarly allows for costs to the prevailing party.

13. "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). The discretion to tax costs is phrased permissibly because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-444 (1987).

14. Local Rule 54.1(c)(2) allows that "the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial…." Local Rule 54.1(c)(2). "Costs for depositions are also taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." *Id.*

15. "Although the decision whether to award costs is within the district court's discretion, 'federal courts have no authority to award costs in excess of statutory limits.'" *Balance Point Divorce Funding LLC v. Scranton*, 305 F.R.D. 67, 70 (S.D.N.Y. 2015).

16. As argued below, this Court should reduce the costs sought by Defendants.

### A. Docket Fees

17. Defendants seek $20 for docket fees, but do not explain why they are entitled to that amount. Indeed, it is not clear why Defendants would have paid docketing fees because, "[i]n the usual case plaintiffs pay docketing fees as part of the cost of filing a case. *Stewart v. Austin*, 97 Civ. 908 (FJS)(GJD), 2001 U.S. Dist. LEXIS 20742, at *9 Dec. 14, 2001) (quoting *Frahm v. The Equitable Life Assurance Soc. of U.S.*, 93 Civ. 81, 2000 U.S. Dist. LEXIS 10406 (N.D. Il. July 18, 2000)). Absent any proof that Defendants' have incurred docket fees, their request for docket fees in their bill of costs should be denied. *See id.*

### B. Number of Deposition Transcripts

18. Local Civil Rule 54.1(c)(2) provides that "the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial…."

19. Defendants seek costs for an original and two copies of each Plaintiffs' deposition transcript because they say they were necessary for use at trial. *See* Gottstein Declaration ¶¶ 11-13.

20. Defendants state that, pursuant to their contract with their court reporting service, the unit cost for an original and two copies of a deposition is $3.60 per page. *Id.* ¶ 16. Defendants further state that this unit cost would be the same "[h]ad defendants only requested an original and one copy." *Id.* ¶ 17. Defendants provide no support for this claim, however, and their claim is contradicted by Ex. E to their motion, which states "[i]n order to ascertain, for reimbursement ..., the cost of an original and one copy of a transcript, the Department would subtract from the total invoice cost a dollar amount derived by multiplying the total number of pages by $0.12 and subtracting that amount out of the original invoice paid." *Id.* at Ex. E.

21. Accordingly, the Court should reduce the unit cost per deposition page from $3.60 per page by $0.12. This results in a unit cost of $3.48 per page that reflects the costs of an original and one copy of a deposition transcript.

**C. Deposition Transcript Word Indexes and Court Reporter "Attendance" Fee**

22. In addition to the costs of the original, plus one copy, of Plaintiffs' deposition transcripts, Defendants seek to tax costs against Plaintiffs for additional deposition-related costs such as word index transcript pages and court reporter "attendance" fees. *See* Gottstein Declaration at Exhibits C, D, and E.

23. Transcript word index pages are not taxable as prevailing party costs. *Ramos v. City of New York*, 15 Civ. 6085 (ER), 2019 U.S. Dist. LEXIS 121622, at *9 (S.D.N.Y. July 21, 2019). Court reporter "attendance" fees are also not taxable as prevailing party costs. *See id.* at *3; *Caravalho v. City of New York*, No. 13 Civ. 4174 (PKC), 2018 U.S. Dist. LEXIS 184103, at *13-15 (S.D.N.Y. Oct. 26, 2018) (ordering deduction of, *inter alia*, costs of second copy of deposition transcripts, appearance fees, and "W.I. (Word Index) pages"); *see also Yin v. Japan*

5

*Soc'y, Inc.*, No. 99 Civ. 4806 (HB), 2000 U.S. Dist. LEXIS 8828, at *7 (S.D.N.Y. June 26, 2000).

24. Accordingly, if the Court taxes costs for Plaintiffs' deposition transcripts, it should reduce the costs sought by Defendants as to each deposition by omitting all costs for anything but an original and one copy of the actual deposition pages that were transcribed.[1]

## CONCLUSION

25. For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Request for Costs against Plaintiffs and grant such other and further relief as this Court deems just and proper. Alternatively, should the Court award Defendants' Costs, those costs should be reduced as argued herein.

Dated: New York, New York
      June 19, 2025

                                              Respectfully submitted,

                                              BELDOCK LEVINE & HOFFMAN LLP
                                              99 Park Avenue, Suite 2600
                                              New York, New York 10016
                                              (212) 490-0400

                                                /s/ Marc A. Cannan
                                              Marc A. Cannan

---

[1] Plaintiffs suggest that the formula used by the Honorable P. Kevin Castel in *Caravalho* be utilized here to calculate the allowable deposition transcript costs of an original, plus one copy, *i.e.*, that that stated page total for each invoice (not including word index pages) be multiplied by the print cost per page for each original, plus one copy, of deposition transcript ($3.48). *Carahalvo*, 2018 U.S. Dist. LEXIS 184103 at * 16 n. 7. This yields the following results:

- Ex. C,
  - Angel Crespo: (104 pages * $3.48) = $264.48
  - Jennifer Crespo: (80 pages * $3.48) = $278.40
- Ex. D, Mayra Crespo: (104 pages * $3.48) = $361.92
- Ex. E, Amy Crespo: (95 pages * $3.48) = $330.60

                                                **TOTAL: $1,235.40**